IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


ARTHUR JOHN SOWELL,

         Plaintiff,                    CV F 06 0034 OWW WMW P

    vs.                               FINDINGS AND RECOMMENDATION


CALIF. DEPT. OF CORRECTIONS, et al.,

         Defendants.


Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the September 7, 2006, first amended complaint.  Plaintiff, an inmate in custody at the Santa Clara County Jail, brings this action against  the California Department of Corrections.  Plaintiff's sole claim in this action is that his release date has been improperly calculated, and he is entitled to earlier release.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should

1   dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas

2   and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997);

3   Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

4          In the August 1, 2006, order dismissing the original complaint, Plaintiff was specifically

5   advised that if he wished to challenge the validity of his underlying conviction, or seek any relief

6   that would entitle him to an earlier release, he must proceed by writ of habeas corpus.  In the first

7   amended complaint, Plaintiff restates the claim set forth in the original complaint.  Plaintiff adds

8   that he can not proceed without the assistance of counsel, and requests the court to appoint

9   counsel.  Plaintiff's request for the appointment of counsel was denied on April 24, 2006.  The

10  August 1, 2006, order dismissing the original complaint clearly advised Plaintiff that he could

11  not challenge the basis of his conviction, or set forth any challenge that would affect the length

12  of his sentence or entitle him to early release, by way of a civil rights action.  Plaintiff has not

13  cured the defects identified in the original complaint.  This action should therefore be dismissed.

14  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of

15  deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

16         In accordance with the above, IT IS RECOMMENDED that this action be dismissed

17  without prejudice to Plaintiff's filing of an application for writ of habeas corpus.

18         These findings and recommendations are submitted to the United States District Judge
    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty
19  days after being served with these findings and recommendations, Plaintiff may file written
    objections with the court.  Such a document should be captioned "Objections to Magistrate
20  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
    within the specified time may waive the right to appeal the District Court's order.  Martinez v.
21  Ylst, 951 F.2d 1153 (9th Cir. 1991).  IT IS SO ORDERED.

22  Dated:    November 7, 2006                    /s/  William M. Wunderlich
    mmkd34                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26